# United States Bankruptcy Court
## District of Delaware
824 N. Market Street
Wilmington, DE 19801

JUDGE BRENDAN LINEHAN SHANNON

824 MARKET STREET
WILMINGTON, DE 19801
(302) 252-2915

March 31, 2014

Erin K. Brignola, Esquire
Cooper Levenson
30 Fox Hunt Drive
Bear, DE 19701

Gary R. Spritz, Esquire
P.O. Box 7559
Wilmington, DE 19803

Re:  Devin G. Tomaseski
     Case No. 14-10337 (BLS)

Dear Counsel:

On March 25, 2014, the Court held a hearing to address Heather Robbie's Motion for Adjudication that Stay Under 362 Does Not Apply or for Relief from Stay (the "Motion for Relief from Stay") [Docket No. 11] and debtor Devin Tomaseski's Response and Motion to Reject Executory Contract (the "Motion to Reject") [Docket No. 12]. Ms. Robbie seeks relief from the automatic stay to pursue a Rule to Show Cause in the Delaware Family Court regarding arrears and ongoing monthly obligations for child support, alimony, and attorneys' fees. Mr. Tomaseski concedes that the stay does not apply to the child support payments[1] but contends that the alimony and fee demands are subject to the stay. Mr. Tomaseski seeks to reject the underlying marital separation agreements as executory contracts.

The parties divorced in Delaware on July 26, 2012. Incorporated into the divorce judgment were two marital separation agreements: the June 2011 Separation Agreement[2] and the May 2012 Separation Agreement.[3] The June 2011 Separation Agreement included a support waiver that stated, "Neither party shall now or in the future be obligated to pay to the other any amount or form of maintenance, alimony, or spousal support."[4] However, the May 2012 Separation Agreement stated that Mr. Tomaseski would provide $800 per month for alimony.[5] In

---

[1] "Debtor asserts that the child support obligation due to his child *is not stayed* by the Federal Process, does qualify as a domestic support obligation by definition under the code, and should be heard in Family Court on May 1, 2014." Motion to Reject at 8.

[2] Exhibit 1 to the Motion to Reject.

[3] Exhibit 2 to the Motion to Reject.

[4] June 2011 Separation Agreement at Part VII.

[5] May 2012 Separation Agreement at ¶ 2.


United States Bankruptcy Court
for the District of Delaware
Erin K. Brignola, Esquire
Gary R. Spritz, Esquire
March 31, 2014
Page 2

an October 16, 2013 decision,[6] the Family Court determined that both agreements were valid and enforceable contracts, and that the May 2012 Separation Agreement modified the alimony waiver in the June 2011 Separation Agreement.[7] The Family Court therefore ordered payment of alimony arrears.[8] The Family Court also ordered termination of the alimony payments based upon a finding of a substantial change in circumstances and a determination that Ms. Robbie was not dependent on Mr. Tomaseski for financial support,[9] which order it later vacated in a November 21, 2013 decision.[10] In the November decision, the Family Court determined that it "committed an error when it applied the 'real and substantial change' statutory standard" and that "the proper standard by which to modify or terminate a contractual alimony award is the same as those that are generally applicable to the modification, reformation, or rescission of contracts."[11] It concluded that the record was void of credible evidence to support modification based on contract principles, and it reinstated the alimony payment obligation.[12]

In this Court, Mr. Tomaseski argues that he has rejected both of the marital separation agreements pursuant to 11 U.S.C. § 365, through his Schedule G and his plan. Mr. Tomaseski's Schedule G states, "Contractual separation agreement dated June 2011 shall be rejected as well as the modification dated May 22, 2012 is rejected." His plan states in Section 1, "The only Domestic Support Obligation of: Child Support—will be paid directly when determined under new petition, since change in custody/ visitation occurred year-end–2013. . . .There is no other DSO obligation OR Alimony obligation based on dependency; debt is contractual, rejected as an executory contract and thus to be treated as an unsecured claim in general as any other debt dissolution contract provides. No priority payment. See also 5. below." In Section 5, the plan states, "The following lease or executory contracts of the debtor will be treated as follows: All separation agreements dated June 2011 and May 2012 are rejected. Wife had breached the agreement by failing to review terms with Debtor, wife is not dependent and the DSO child support obligation is to be determined under separate petition since change of custody occurred."

In his Motion to Reject, Mr. Tomaseski points to the fact that the Family Court determined the alimony obligation to be contractual. He cites <u>Lawson v. Lawson (In re Lawson)</u>, 14 F.3d 595 (4th Cir. 1993) (unpublished decision) for the proposition that a contract can be rejected under § 365 where a contract is executory and its rejection would be advantageous to the estate. He also cites <u>In re Gardner</u>, 26 B.R. 65 (Bankr. W.D.N.C. 1982) for its holding that a

---

[6] Exhibit 3 to the Motion to Reject.

[7] <u>Id.</u> at 12-13.

[8] <u>Id.</u> at 15.

[9] <u>Id.</u> at 25-26.

[10] Exhibit 4 to the Motion to Reject at 6.

[11] <u>Id.</u>

[12] <u>Id.</u>

United States Bankruptcy Court
for the District of Delaware
Erin K. Brignola, Esquire
Gary R. Spritz, Esquire
March 31, 2014
Page 3

separation agreement can constitute an executory contract.

      The Court will grant Ms. Robbie's Motion for Relief from Stay and deny Mr. Tomaseski's Motion to Reject. As a threshold matter, it appears to the Court that the payments owed to Ms. Robbie under the separation agreements are nondischargeable. Under 11 U.S.C. § 523(a)(5), a debt is not dischargeable if it is "for a domestic support obligation," and under (a)(15), a debt is not dischargeable if it is "to a spouse, former spouse, or child of the debtor and not of the kind described in paragraph (5) that is incurred by the debtor in the course of a divorce or separation or in connection with a separation agreement . . . ." It is abundantly clear that Congress intended for commitments made by divorcing parties to remain unaffected by the bankruptcy laws. Whether due to the operation of (a)(5) or (a)(15), there appears to be no question that the alimony payments and related obligations are nondischargeable.

      Because the obligations under the separation agreements are covered by 11 U.S.C. § 523(a)(5) and (a)(15), rejection of the agreements will be denied. This interpretation is in line with existing case law, including the cases cited by Mr. Tomaseski. In Gardner, it is true the bankruptcy court determined that the marital separation agreement at issue was an executory contract, due to the substantial performance owed by both parties. 26 B.R. at 67-68. However, that court also denied the debtor's attempt to reject the agreement. Id. at 68. The court explained that "rejection of the executory contract in this case will have no beneficial effect upon the estate of the debtor," in part because the alimony obligation was nondischargeable and would not be reduced by rejection. Id. The court was also "further of the opinion that a debtor may not by the use of the device of 'rejection of executory contract' under Section 365 of the Code negate the obvious effects of the dischargeability provisions relating to alimony and support." Id. at 69. This Court is in agreement with the holding in Gardner.

      In Lawson, the other case cited by Mr. Tomaseski, the Fourth Circuit Court of Appeals examined a post-nuptial agreement between a debtor and his ex-wife. 14 F.3d 595. The agreement designated certain real and personal property as community property that, in the event of a divorce, would be deeded to a trustee and held in trust to provide for the support of their children. The debtor had filed his bankruptcy petition one day before the divorce decree was entered. The Fourth Circuit examined "the question of whether a contract creating obligations in the nature of child support, if executory, is subject to rejection or is, instead, non-dischargeable." Id. It explained that "[t]he difference, of course, lies in the relief available to the plaintiff or plaintiffs. If the contract is executory and may be rejected, the plaintiff then has a claim for damages for breach of the contract. If the contract, though executory, is non-dischargeable, then the plaintiff is entitled to specific performance." Id. The Fourth Circuit held that it "consider[ed] the question of executoriness of the Lawsons' post-nuptial agreement to be irrelevant to the inquiry into its non-dischargeability, since the question under Sec. 523(a)(5), dealing with support, remains." Id. Upon analysis, it determined that the agreement contained a non-dischargeable debt in the nature of child support and therefore was not subject to rejection. Id.

      Finally, the Eighth Circuit Court of Appeals has also affirmed a denial of debtor's attempt to reject provisions of a divorce settlement agreement where the obligations under the agreement were nondischargeable DSOs. Draper v. Draper (In re Draper), 790 F.2d 52 (8th Cir. 1986). "Even if the settlement agreement is an executory contract . . . appellant's obligations under the

United States Bankruptcy Court
for the District of Delaware
Erin K. Brignola, Esquire
Gary R. Spritz, Esquire
March 31, 2014
Page 4

disputed provisions of the settlement agreement are nonetheless not dischargeable in bankruptcy because they are support obligations." Id. at 54 (citing Gardner, 26 B.R. 65).

For the above reasons, Mr. Tomaseski will not be allowed to reject the marital separation agreements, and Ms. Robbie will be permitted to pursue her Rule to Show Cause in Family Court. Counsel will confer and promptly submit an order under Certification of Counsel reflecting the Court's ruling within seven days of the date hereof.

Very truly yours,

Brendan Linehan Shannon

BLS/jmw
cc:     Michael B. Joseph, Esquire